ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BENNIE JAMES WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 106-027 |
| | ) | |
| ANTHONY WASHINGTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

The time period for filing objections to the Magistrate Judge's Report and Recommendation in the above captioned case expired on November 1, 2006. (Doc. no. 22).[1] Although Petitioner did not file any objections to the Magistrate Judge's Report and Recommendation, Petitioner did file a motion seeking leave of the Court to conduct discovery. (Doc. no. 25). Petitioner's motion does not specifically state what discovery he is seeking, but the Court infers that Petitioner is, once again, requesting a court order to obtain samples for the purpose of conducting a second DNA paternity test. (See doc. no. 25, p. 6; doc. no. 21). Petitioner believes that the first DNA paternity test, which proved him to be the father of the victim's child with 99.99% accuracy, was somehow faulty or inaccurate.

---

[1] The Court recognizes that Petitioner filed a motion for a fourth extension of time to file objections to the Magistrate Judge's Report and Recommendation. (Doc. no. 24). However, Petitioner failed to present sufficient justification for a third extension of time, and the Court explicitly stated in its October 11th Order that Petitioner had until the close of business on November 1, 2006, to present his objections. (Doc. no. 22). Accordingly, Petitioner's motion for a fourth extension of time is **DENIED**.

(Doc. no. 26, p. 2). Also, in an effort to demonstrate "good cause" for conducting discovery under 28 U.S.C. § 2254, Rule 6(a), Petitioner makes several outrageous allegations, including claims that the trial court, the prosecutor, and Petitioner's trial counsel were bribed to ensure that he received a twenty (20) year sentence after pleading guilty. (Id. at 7).

Unless and until Petitioner demonstrates to this Court that the state habeas court's fact finding procedure was not adequate to afford a full and fair evidentiary hearing, or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of Petitioner's habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts. The Supreme Court has emphasized that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Petitioner's bare allegations, once again, do not rise to the level "good cause" necessary to invoke the discovery process, as required by 28 U.S.C. § 2254, Rule 6(a). In sum, Petitioner's second motion for a court order to obtain DNA samples is **DENIED**.[2]

Furthermore, after a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the

---

[2]Moreover, discovery on this matter is improper because "[a] defendant who knowingly and voluntarily enters a plea of guilty waives all nonjurisdictional challenges to his conviction." See Martin v. Kemp, 760 F.2d 1244, 1246-47 (11th Cir. 1985). Petitioner has not provided any reason to doubt the state habeas court's conclusion that his guilty plea was valid.

2

opinion of the Court. Therefore, this 28 U.S.C. § 2254 petition is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 27th day of November, 2006, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE